

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL A. MATINA, )
    Plaintiff, )
     )
    v. ) Civil Action No. 3:17CV717 (JAG)
     )
UNITED STATES OF AMERICA, )
    Defendant. )
     )

## REPORT AND RECOMMENDATION

This matter is before the undersigned on the parties' Consent Motion for Reduction of Liens Pursuant to Virginia Code § 8.01-66.9 (ECF No. 26) after the matter was referred to the undersigned for settlement (ECF No. 10). On August 22, 2018, the undersigned conducted a settlement conference that resulted in the parties reaching an agreement in full satisfaction of all claims—those pending and those that could have been brought as a result of the underlying facts. As evidence of their agreement, the parties executed a Memorandum of Understanding ("MOU") (Exhibit 1) and a Stipulation for Compromise Settlement and Release ("Settlement Agreement") (Exhibit 2) setting forth the essential terms of the settlement.

Under Virginia law,[1] when a claim involves a medical lien held by the Commonwealth of Virginia, the court in which the action was brought may "reduce the amount of the liens and apportion the recovery . . . as the equities of the case may appear." Va. Code Ann. § 8.01-66.9. However, the lien may only be reduced after notice has been given to the lienholder and the plaintiff has made a

---

[1] Plaintiff brought this personal injury action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. "The FTCA does not itself provide a substantive cause of action. Rather, in asserting FTCA claims, [courts] apply the substantive law of the state where the alleged tort took place: in this case, the law of the Commonwealth of Virginia." *Unus v. Kane,* 565 F.3d 103, 117 (4th Cir. 2009); *see also Kerns v. United States,* 585 F.3d 187, 194 (4th Cir. 2009) (applying Virginia state law to FTCA claim).

"good faith" effort to negotiate a compromise with the lienholder.[2] *Id.* If the settlement amount exceeds $250,000, the settlement must be approved by the Governor of the Commonwealth. Va. Code Ann. § 2.2-514.

The undersigned presided over the settlement conference involving the parties on August 22, 2018 and assisted the parties in reaching the resolution set forth in the MOU and the Settlement Agreement. Because the Commonwealth was not represented during the settlement conference, the undersigned endeavored to ensure that any compromise of liens held by the Commonwealth involved a reduction only to the extent necessary and equitable under the facts of this action.

For the reasons set forth below, it is RECOMMENDED that the parties' Consent Motion for Reduction of Liens Pursuant to Virginia Code § 8.01-66.9 (ECF No. 26) be GRANTED.

## I. BACKGROUND

Plaintiff brought this personal injury action for damages against Defendant under the FTCA, alleging that one of Defendant's agents negligently operated a motor vehicle so as to cause a collision with Plaintiff. (Consent Motion for Reduction of Liens Pursuant to Virginia Code § 8.01-66.9 ¶ 4, ECF No. 26.) On May 17, 2015, Plaintiff was driving a motorized scooter along the northbound lane of Route 153 in Nottoway County, Virginia at approximately 1:30 p.m. (Compl. ¶¶ 8, 11, ECF No. 1.) At the same time, Defendant's agent, a sergeant in the Virginia Army National Guard, was driving a military tactical vehicle along the same roadway. (*Id.* ¶¶ 11, 14.) The track of Route 153 where the accident occurred consisted of a two-lane road, one lane in each direction, with a solid yellow line in between. (Joint Stipulations ¶ 3,[3] ECF No. 23.) Defendant drove behind Plaintiff along Route 153,

---

[2] The MOU required Plaintiff's counsel to negotiate with the Commonwealth over the value of the liens in a manner consistent with the terms of the Settlement Agreement. (MOU ¶ 7, ECF No. 26 Ex. 1). Plaintiff's counsel endeavored to do so, but without success. (Consent Motion for Reduction of Liens Pursuant to Virginia Code § 8.01-66.9 ¶¶ 3-4, ECF No. 26).

[3] The Joint Stipulations mistakenly contain two paragraphs that are each labeled as the third paragraph. (Joint Stipulations ¶¶ 3-4, ECF No. 26.) This citation refers to the second of the pair located on page two of the Joint Stipulations. (*Id.* ¶ 3, ECF No. 26.)

2

and at some point, attempted to overtake Plaintiff by crossing the yellow line when Plaintiff veered to the left to turn into a driveway. (Compl. ¶¶ 14-16, ECF No. 1.) The front passenger side of the military vehicle collided with the scooter, throwing Plaintiff from it. (*Id.* ¶ 16.)

As a result of the collision, Plaintiff suffered numerous serious and permanent injuries, including: collapsed lungs; broken ribs; severe injuries to his abdominal cavity and organs; spine and sacral fractures; severe hip fractures; and several hand and wrist fractures. (*Id.* ¶ 18.) Plaintiff alleges that Defendant negligently operated his motor vehicle proximately causing Plaintiff's injuries. (*Id.* ¶¶ 20, 23.) Defendant contests liability on the grounds that Plaintiff was contributorily negligent in causing the collision. (Answer 2, ECF No. 6.)

Also at issue in this action are the medical liens held by the Virginia Commonwealth University Health Systems ("VCU") and the Medical College of Virginia Physicians ("MCV Physicians") resulting from Plaintiff's hospitalization, amounting to $294,162.95 and $39,777.00, respectively. As a result of these liens, the Commonwealth holds a total lien of $333,939.95 against Plaintiff. Importantly, Plaintiff is unlikely to be able to provide any meaningful payment toward these liens as he has limited financial resources due in part to the severe and permanent injuries he suffered from the collision at issue. Therefore, the Commonwealth's sole avenue for recovery of these debts lies in Plaintiff's success in this lawsuit. However, Plaintiff will face considerable difficulties at trial because Defendant has a strong contributory negligence defense. In Virginia, a successful contributory negligence defense acts as a complete bar to recovery. Thus, there is a substantial chance that Plaintiff would not recover *any* damages at trial if Defendant successfully proves that Plaintiff's negligence contributed to his own injuries. For these reasons, the Commonwealth bears a great risk that it will not recover any of the debts owed on the medical liens if the suit proceeds to trial. Accordingly, the Commonwealth may not recover any of the debts owed on the medical liens absent a settlement.

## II. PROPOSED LIEN REDUCTION

The terms of the MOU and Settlement Agreement require Defendant to pay a total of $250,000 for distribution as follows:

1. $80,000.00 shall be attributed to satisfaction of the liens held on behalf of VCU ($70,470.85) and MCV Physicians ($9,529.15);

2. $42,000.00, or such other amount as may be negotiated on behalf of Plaintiff, shall be attributed to satisfaction of the liens held by Rocky Mountain Holdings, LLC;

3. $10,000.00, or such other amount as may be negotiated on behalf of Plaintiff, shall be attributed to satisfaction of the liens held by Envoy, Healthcare; and

4. $118,000.00 shall be attributable to Plaintiff, which includes Plaintiff's fees and costs.[4] (MOU ¶ 2, ECF No. 26 Ex. 1.)

The issue in this action lies in the reduction of the Commonwealth's liens from a total of $333,939.95 to $80,000. Under the proposed settlement, the Commonwealth would only recover approximately 24% of the liens at issue. The Court does not take lightly its recommendation for approval of such a significant reduction, recognizing that the taxpayers of this Commonwealth will ultimately absorb any unpaid balance from the liens. *Ouivers v. Suffee,* 2001 WL 1590463, at *1 (Va. Cir. Ct. Dec. 3, 2001). However, the appropriateness of the proposed reduction cannot be assessed solely based on the percentage of recovery of the full lien.

As previously noted, the settlement amount of $250,000 represents a reasonable resolution of the action based on the risks borne by both sides. After the private liens are deducted—$42,000 for the lien held by Rocky Mountain Holdings, LLC and $10,000 for the lien held by Envoy, Healthcare—only $198,000 remains for the Commonwealth's liens, Plaintiff's costs, Plaintiff's

---

[4] Pursuant to 28 U.S.C. § 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

4

attorneys' fees, and Plaintiff. Thus, even if the Commonwealth received the full amount of the funds that remain, the Commonwealth would still recover only 59% of its liens. And in that scenario, Plaintiff, who suffered permanent disfigurement and severe physical injuries, would recover nothing.

The more appropriate assessment as to the reasonableness of the reduction of the Commonwealth's liens occurs when focusing on the fact that the Commonwealth would recover $80,000 of the remaining $198,000, which constitutes 40% of this amount. And while Plaintiff would receive the remaining $118,000, constituting 60% of the remaining funds, his recovery will be reduced by his own attorneys' fees and costs associated with bringing the action. A 60/40 division is reasonable under the circumstances of this civil action.

When a claim involves a medical lien held by the Commonwealth, Virginia Code § 8.01-66.9 provides that the court in which the action was brought may "reduce the amount of the liens and apportion the recovery . . . as the equities of the case may appear." In doing so, the court should consider both what constitutes a just recovery for the plaintiff's injuries and reasonable compensation for plaintiff's attorneys. *Commonwealth v. Huynh*, 546 S.E.2d 677, 680 (Va. 2001). If the parties reach a settlement contingent upon a reduction of the lien, then plaintiff's counsel must attempt to negotiate in good faith with the Commonwealth's Attorney General to achieve such a reduction. *Id.* at 678. If the negotiation proves unsuccessful, the plaintiff can subsequently file a motion in the court in which the suit is pending to reduce the Commonwealth's lien and apportion the settlement between the plaintiff, the plaintiff's attorneys and the Commonwealth. Va. Code Ann. § 8.01-66.9.

The reduction is entirely a matter of judicial discretion, except that the court may not completely extinguish the Commonwealth's liens. *Hunyh*, 546 S.E.2d at 680. In applying this statute, Virginia courts have approved substantial reductions of the original lien amount for the purpose of promoting binding settlements. *See Rector & Visitors of Univ. of Va. v. Harris*, 387 S.E.2d 772, 774, 776 (Va. 1990) (approving lien reduction of roughly 93%); *Commonwealth v. Smith*, 387 S.E.2d 767,

769-70 (Va. 1990) (approving lien reduction of roughly 72%). In assessing the reasonableness of the reduction, the Supreme Court of Virginia merely instructs that the trial court must exercise its discretion to "apportion" the recovery in a manner that is equitable, so long as the trial court does not "wholly disregard the claim of the Commonwealth in order to benefit the injured party or her attorneys." *Huynh,* 546 S.E.2d at 680.

Several reasons support the reasonableness of a 60/40 split of the remaining $198,000. First, in light of Plaintiff's limited financial resources resulting from the injuries he suffered in the underlying collision at issue, the Commonwealth would not recover any meaningful payment toward the liens absent a judgment in this case. And it bears remembering that it was Plaintiff—not the Commonwealth—that instituted this civil action and, in the absence of Plaintiff initiating this action, the Commonwealth would be left with no recovery.

Further, the risks of taking the action to trial for both Plaintiff and Defendant support approval of the settlement. Absent a reasonable amount apportioned to Plaintiff, Plaintiff would be encouraged to roll the dice and "risk the hazards of trial in the hope of a recovery large enough to discharge the debt [the Commonwealth's liens], pay his attorney, and leave a substantial balance to him." *Harris,* 387 S.E.2d at 775. Such a position would thwart the strong policy interests favoring settlement. *Id.* at 775; *Smith,* 387 S.E.2d at 769 ("The purpose of the amendment [to § 8.01-66.9] was to reduce expense and delay, to avoid litigation, and to promote settlements."). Moreover, in view of the strength of Defendant's contributory negligence defense, a trial could very well result in no recovery for the Commonwealth. In other words, settlement provides the only realistic opportunity for the Commonwealth to recover *any* portion of the liens, but settlement may only occur if Plaintiff receives a sufficient recovery to provide for his own pain and suffering.

The apportionment of the recovery as agreed upon by the parties constitutes an equitable division of the settlement amount amongst the interests of Plaintiff, Plaintiff's counsel, and the Commonwealth.

### III. CONCLUSION

Because the reduction of the Commonwealth's liens pursuant to the MOU and the Settlement Agreement represents a fair and equitable resolution of the action to provide for Plaintiff's injuries and satisfies an equitable portion of the Commonwealth's outstanding medical liens in light of the risks of proceeding to trial, it is RECOMMENDED that the parties' Consent Motion for Reduction of Liens Pursuant to Virginia Code § 8.01-66.9 (ECF No. 26) be GRANTED.

Let the Clerk file this Report and Recommendation electronically, forward a copy to the Honorable John A. Gibney, Jr., United States District Judge, and notify all counsel of record and Robert B. McEntee, Jr., Senior Assistant Attorney General of the Commonwealth of Virginia accordingly.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon the grounds of plain error.**

/s/ 
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: September 17, 2018